# Liebowitz Law Firm, PLLC
**Attorneys for the Photographic Arts**

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

July 8, 2019

**VIA ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Pereira v. Source Digital, Inc.,* 1:19-cv-01820 (VEC)

Dear Judge Caproni:

We represent Plaintiff Al Pereia ("Plaintiff") in the above-captioned case.  We write in response to the Court's Order to Show Cause, dated June 26, 2019 [Dkt. #9]

**Background**

On February 26, 2019, plaintiff initiated this copyright infringement action against Defendant Source Digital, Inc. ("Defendant"), a domestic corporation that is registered to business in the State of New York.  [Dkt. #1]  Pursuant Fed.R.Civ.P. 4(h) and section 306 of the Business Corporation, true and correct copies of the summons, complaint and civil cover sheet were served upon the office of the Secretary of State of New York in the City of Albany by delivering and leaving the papers with Sue Zouky, a clerk in the office of the Secretary of State of the State of New York.  [Dkt. #10]

On April 22, 2019, I e-mailed Defendant's principal, Londell McMillan and Defendant's in-house attorney, Katherine Baggett, asking whether Defendant had received the complaint and noting that the time to respond was past due.  This firm frequently litigates against Defendant.  Defendant responded that it had not received the complaint.  On June 27, 2019, I e-mailed the Affidavit of Service to Defendant.  In response, Mr. McMillan indicated that service of the complaint was not proper and maintained that Plaintiff would need to re-serve the complaint.  However, despite repeated requests, Defendant has failed to provide any factual or legal bases to support its allegation that service was improper.  Defendant simply maintains that because it never received the complaint, service was necessarily improper. But that's not the law.

**Plaintiff's Request for an Order Compelling Defendant to Appear**

Despite best efforts, the parties have not been able to settle the action.  Accordingly, Defendant must file a notice of appearance and a response to the complaint.  Given that



Liebowitz Law Firm, PLLC

Defendant has indicated a willingness to defend this action, Plaintiff does not seek to file a default judgment motion at this juncture but will do so in order to comply with the Court's Order to Show Case. In lieu of a default, Plaintiff respectfully requests that the Court enter an Order compelling Defendant to file a notice of appearance and response to the complaint within 14 days of the entry of the Proposed Order. If Defendant fails to file a notice of appearance by the deadline set by the Court, then Plaintiff will promptly move for default. A proposed order is attached for the Court's consideration.

**Plaintiff's Response to the Court's Order to Show Cause re: Rule 41(b) Dismissal**

Plaintiff respectfully submits that this action should not be dismissed for failure to prosecute. A Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted). As demonstrated below, all of these factors weigh against Rule 41(b) dismissal.

First, with respect to the "duration of the plaintiff's failures." Plaintiff has not failed to any take any required action. Even though Defendant was aware of the complaint by no later than April 22, Defendant has failed to file a notice of appearance on grounds that service was not properly effectuated. If Defendant seeks to challenge the sufficiency of service of process, it can do so by filing an answer with an affirmative defense alleging lack of proper service or by filing a motion pursuant to Rule 12(b)(5). Defendant cannot, however, challenge service by refusing to appear at all. Accordingly, the first factor weighs against dismissal.

Second, aside from the pending Order to Show Cause, Plaintiff has not received prior notice of any delay or that delay would result in dismissal. This is a response to the first notice. Accordingly, the second factor weighs against dismissal.

Third, Defendant has not been prejudiced; it is the Defendant who is causing the delay by indicating a willingness to defend the action but refusing to file a notice of appearance. Accordingly, the third factor weighs against dismissal.

Fourth, Plaintiff should be accorded due process as the service of the complaint was timely and properly effectuated. As a matter of well-established jurisprudence, the "court should decide a controversy on its merits whenever possible." *Frutiger v. Hamilton Cent. Sch. Dist.*, No. 90-CV-303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993), *dismissed sub nom. Frutiger v. Hamilton Cent.*, 28 F.3d 102 (2d Cir. 1994). Accordingly, the fourth factor weighs against dismissal.

2

Liebowitz Law Firm, PLLC

      Fifth, Plaintiff should not be sanctioned for any delay because, as indicated, it is the Defendant who is causing the delay by indicating a willingness to defend the action but refusing to file a notice of appearance.  Defendant argues that Plaintiff delayed by not filing an affidavit of service promptly after service was made.  However, Rule 4(m) requires that service be effectuated within 90 days.  It does not impose time restrictions on when the affidavit must be filed.  FedR.Civ.P. 4(l)(3).

      As none of the factors prescribed by the Second Circuit weigh in favor of Rule 41(b) dismissal, Plaintiff respectfully requests that the Court permit this case to proceed on the merits.

      Respectfully Submitted,

**/richrdliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*