UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL PEREIRA,<br><br>        Plaintiff,<br><br> - against -<br><br>SOURCE DIGITAL, INC.<br><br>        Defendant. | Docket No. 19-cv-01820 (VEC)<br><br>**DECLARATION OF<br>RICHARD LIEBOWITZ** |

I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Al Pereira ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

**(i)** *Description of the Nature of the Claims*

3. Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of rappers Chuck D and Tupac (the "Photograph").

4. Plaintiff created the Photograph and registered it with the U.S. Copyright Office, bearing No. VA 2-065-045.

5. On or about June 23, 2014, Defendant re-published the Photograph on its website at www.thesource.com (the "Website") in an article entitled *READ TUPAC'S 1995 LETTER FROM CLINTON CORRECTIONAL FACILITY TO CHUCK D.*

6. Defendant did not license the Photograph from Plaintiff for its posting, nor did Defendant have Plaintiff's permission or consent to publish the Photographs on the Website. Plaintiff discovered the Defendant's infringing activity on September 13, 2017 and filed this suit within three years after the date of actual discovery.

**(ii)** ***The Basis for Entering a Default Judgment, Including a Description of the Method and Date of Service of the Summons and Complaint***

7. The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action.

8. On February 28, 2019, a copy of the summons and complaint was served on Defendant via Sue Zouky, a Clerk in the office of the Secretary of State in New York. [Certificate of Service, Dkt. #10] The deadline to file an answer or responsive pleading was March 21, 2019.

9. On July 8, 2019, Plaintiff requested that the Clerk of Court issue a Certificate of Default.

10. Defendant is a corporation, not an individual - and therefore not a military servicemember.

11. Plaintiff has been in contact with Defendant about this action since April 22, 2019. However, Defendant refuses to appear on grounds that service upon the New York Secretary of Stater was not properly effectuated.

**(iii)** ***Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action***

12. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

### (iv) *The Proposed damages and the bases for each element of damages*

13. For violation of 17 U.S.C. § 501, Plaintiff seeks $5,000 in actual damages for copyright infringement.

**Actual Damages for Count I: Copyright Infringement**

14. **Plaintiff's Lost Licensing Fees.** An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001). The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165; accord *Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'") Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission. Plaintiff estimates that he would have been entitled to charge up to $2500.00 for use of the Photograph in the manner used by Defendant.

15. **Defendant's Ill-Gotten Gains.** Because Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph. Accordingly, all inferences should be drawn against it. The Second Circuit has ruled that an award of actual damages in a copyright infringement case "should be broadly construed to favor victims victims of infringement." *On Davis,* 246 F.3d at 164 (citing, *inter alia,* William F.

3

Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v. Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

16. Under the circumstances described above, a $5,000 award is justified for Count I on account of the profits obtained by Defendant.

17. No part of the Judgment sought has been paid, other than as indicated in the present motion.

18. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the initiating complaint plus exhibits.

19. Attached hereto as <u>Exhibit B</u> is a copy of the affidavit of service of the summons and complaint.

Dated: July 8, 2019
Valley Stream, New York

                                                 Respectfully Submitted:

                                                 <u>**/richardliebowitz/**</u>
                                                 By: Richard Liebowitz
                                                 LIEBOWITZ LAW FIRM, PLLC
                                                 11 Sunrise Plaza, Ste. 305

Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff*