

240 W 35th Street Suite 405
New York, NY 10001
646-559-8314

July 9, 2019

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 443
New York, New York 10007

*Re: Pereira v Source Digital, Inc.*
(1:19-CV-01820)

Dear Judge Caproni:

This firm represents Source Digital, Inc. ("SDI" or "Defendant"), and I am also the principal of SDI. This letter is submitted pursuant to Your Honor's Individual Practices, and in response to Plaintiff Al Pereira's ("Plaintiff" or " Mr. Pereira") Letter response (the "Letter," Dkt. no. 11), dated July 8, 2019, to this Court's Order to Show Cause regarding dismissal entered on June 26, 2019 (Dkt. no. 9).

**Procedural History**

On February 26, 2019, Plaintiff commenced this action by filing a Complaint (the "Complaint," Dkt. no. 1), and thereafter, on February 27, 2019, this Court issued an electronic summons for SDI (Dkt. no. 6). On June 26, 2019, this Court issued an Order to Show Cause directing Plaintiff to show cause by July 8, 2019 why the action should not be dismissed for failure to prosecute pursuant to FRCP Rule 41(b), and requiring Plaintiff to file an Order to Show Cause for Default Judgment by July 8, 2019 if Plaintiff opposed dismissal. On June 27, 2019, Plaintiff filed an affidavit of service purporting to show service on SDI via the Secretary of State of New York on February 28, 2019 (Dkt. no. 10).

**The Parties Communications regarding Service**

The Honorable Valerie E. Caproni
July 9, 2019
Page 2 of 3

On April 22, 2019, Plaintiff, by and through his counsel, Richard Liebowitz, contacted SDI inquiring as to whether SDI was in receipt of the Complaint and notifying SDI that its answer was past due (annexed hereto as "Exhibit A"). SDI responded that it was not in receipt of the Complaint, and advised Plaintiff's counsel to re-serve the Complaint at SDI's correct address, as SDI would not accept service via e-mail (*see* id.). Plaintiff's counsel did not re-serve SDI at its correct address, nor did Plaintiff's counsel notify SDI that Plaintiff had purportedly served SDI via the Secretary of State of New York or file an affidavit of service with this Court until June 27, 2019 (four months after this Court issued the electronic summons).

## Plaintiff's Letter Response

At the outset, it is false and disingenuous for Plaintiff to represent to the Court that "despite best efforts, the parties have not been able to settle the action." (*See* the Letter, p.g. 1). Upon Plaintiff's notification of the filing of this lawsuit, Defendant promptly responded that it had not been properly served and invited Plaintiff to re-serve the complaint, as well invited Plaintiff to engage in settlement negotiations rather than burden the Court with additional filings. (*See* "Exhibit A"). Despite this invitation, Plaintiff provided no response to Defendant until after this Court's Order to Show Cause was entered on June 26, 2019. Thereafter, Plaintiff provided Defendant with a demand (with no legal or factual bases to substantiate the demand), to which Defendant promptly countered (with legal and factual bases to substantiate the counter) and again invited Plaintiff to provide additional information to continue settlement talks. To date, Defendant has received no response from Plaintiff.

With respect to the contentions raised in Plaintiff's Letter, Plaintiff fails to address to the most fundamental issue of its failure to take any action in this case, including moving for default judgment once the time for Defendant to answer or appear had purportedly expired[1], until this Court ordered Plaintiff to do so. It is the responsibility of Plaintiff to take control of the action and not waste the Court's time and resources with frivolous litigation that it has no intention of litigating, unless prompted to do so by the Court. The Court's docket should not continue to be burdened by a matter that Plaintiff clearly has no intention of litigating. Plaintiff's eleventh hour attempt to save the case from dismissal despite Plaintiff's utter failure to effectuate proper service, and after being advised by SDI of the same, should not be considered by the Court. Plaintiff's failures warrants dismissal for failure to prosecute.

It also worth noting that Plaintiff's counsel has been involved in several litigation matters with SDI over the past five years, and has regularly communicated with SDI's counsel. As such Plaintiff's counsel is well aware of SDI's address. Despite this history, and despite being notified by SDI of the defective service, Plaintiff refused to properly re-serve SDI within

---

[1] Defendant does not concede that it was properly served, and maintains that, to date, service has not been properly effectuated.

The Honorable Valerie E. Caproni
July 9, 2019
Page 3 of 3

the timeframe allotted by the FRCP. Plaintiff's desperate attempt to save this case from dismissal cannot excuse the failure to prosecute this action, and should not be considered by the Court.

**<u>Conclusion</u>**

As a result of Plaintiff's failure to litigate this action, SDI felt compelled to notify the Court of the parties history of communications in order to provide the Court with the appropriate background regarding the history of this case. Defendant respectfully request the Court dismiss this case for failure to prosecute, or in the alternative order Plaintiff to re-serve the Complaint on Defendant at its correct address. Defendant remains open to settlement discussions, and ideally the parties will resolve this disputed matter to avoid further burdening the Court.

Respectfully submitted,

THE McMILLAN FIRM

By:    /s/ L. Londell McMillan
L. Londell McMillan
240 West 35th Street, Suite 405
New York, New York 10001
(646) 559-8314
llm@thenorthstargroup.biz