UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL PEREIRA,<br><br>        Plaintiff,<br><br> - against -<br><br>SOURCE DIGITAL, INC.<br><br>        Defendant. | Docket No. 1:19-cv-01820-VEC<br><br>Ho<br><br>**DECLARATION OF<br>RICHARD P. LIEBOWITZ** |

I, RICHARD P. LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Al Pereira ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in response to the Court's order to show cause, dated July 11, 2019 [Dkt. #23].

3. The Court's mediation referral order, dated February 28, 2019, required Plaintiff to file proof of service of the Court within three days [Dkt. # 8]. Regretfully, filing of proof of service was not effectuated due to administrative oversight.

4. However, it is the law of this Circuit that attorneys should not be subjected to monetary sanctions on account of administrative errors or mistakes. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment").

5. Further, the Court's inherent power to sanction attorneys is limited to circumstances where there is clear and convincing evidence that an attorney acted in bad faith. *See, e.g., Schlaifer Nance & Co.,* 194 F.3d at 338 (court's sanctions under inherent powers doctrine require highly specific finding of bad faith); *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 41 (2d Cir. 1995) (reversing sanction imposed on attorney because there was insufficient evidence of bad faith); *United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991) (sanctions under inherent powers require finding of bad faith); *Oliveri v. Thompson, 803 F.2d 1265, 1272* (2d Cir. 1986) (same).

6. Here, there is no evidence that I acted in bad faith by failing to file a proof of service. As explained above, the noted deficiency was due to administrative oversight.

7. Based on the foregoing, we respectfully request that the Court decline to issue monetary sanctions in this matter.

Dated: July18, 2019
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Al Pereira*