UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL PEREIRA, <br><br> Plaintiff, <br><br> - against - <br><br> SOURCE DIGITAL, INC. <br><br> Defendant. | Docket No. 1:19-cv-01820-VEC <br><br> Ho <br><br> **DECLARATION OF RICHARD P. LIEBOWITZ** |

I, RICHARD P. LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Al Pereira ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in response to the Court's order to show cause, dated July 19, 2019 [Dkt. #25].

3. The Court's mediation referral order, dated February 28, 2019, required Plaintiff to file proof of service of the Court within three days [Dkt. # 8]. Regretfully, filing of proof of service was not effectuated due to administrative oversight.

4. The Court has asked me to explain how this administrative oversight occurred.

5. Some background about my law firm will help explain. I am managing and founding partner of Liebowitz Law Firm, PLLC and I employ one other attorney. I do not employ any paralegals. My administrative staff consists of research analysts who search for infringements on behalf of clients and a director of client relations who assists with client

engagements. In other words, besides myself and one other attorney, there is no litigation support staff.

6. Unlike larger firms, which employ dozens of paralegals, junior associates and litigation support staff who have checks and balances in place to ensure that all administrative aspects of each case are precisely executed, we just don't have that here. We work on contingency, operating on a shoestring budget, and we fight for the rights of individual artists and photographers whose property rights are illegally exploited by corporate media outfits. Before we came along, these Artists were helpless to prevent infringement. They had no access to the courts because no lawyer (or very few) is going to litigate a single photograph of modest economic value. Now, at least, thanks in part to our efforts, these same aggrieved Artists stand a chance to vindicate their rights in a federal court of law.

7. Our ability to help Artists depends in part on our capacity to file a large number of cases. Because infringement of photographs has reached epidemic proportions in the Digital Age, we do not have a problem filing lots of cases. We have filed over 1500 in the last three and half years. I estimate we have well over a hundred open cases on the docket at present – with only two lawyers to service those cases and no paralegals.

8. Suffice it to say, we know that deadlines sometimes get missed, dates get mis-calendared, certificates of service sometimes do not get filed. There is "breakage." Things fall through the cracks. We strive for perfection but we sometimes come up short because we are litigating a voluminous number of cases with very limited resources. In any industry, strict compliance takes economic resources. It's no different here.

9. Accordingly, I respectfully submit that the pattern of administrative non-compliance that has been noted can be attributed to limited resources. Any allegation that I have

failed to do something intentionally or out of disrespect for the judicial office is simply unfounded.

10. With respect to the case at hand, I am the sole individual responsible for the oversight. While I do not have the exact memory as to how this oversight took place, it's likely because I did not calendar the task. Ordinarily, my "to do" list is placed in Google Calendar. In this instance, the task that needed to be completed – filing proof of service - wasn't calendared and for that reason, it wasn't completed. The oversight was not discovered and rectified because it was not calendared in the first instance.

11. In terms of processes I have installed to prevent future non-compliance with the Court's orders, I need to be more careful in calendaring tasks. I have tried to hire people in the past to handle my calendar, but it didn't work. I need to take control of it myself.

12. In short, I would like to reiterate that I would never intentionally or willfully disregard a court order. In the case at hand, I certainly never any intention to disobey the Court's orders or fail to do that which was required.

Dated: July 26, 2019
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Al Pereira*